```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**DAVID MICHAEL BROSIUS,**

       **Plaintiff,**

**v.**                      //    CIVIL ACTION NO. 1:11CV38
                                   (Judge Keeley)

**VERIZON COMMUNICATIONS, INC.,**
**VERIZON WEST VIRGINIA, INC.,**
**ANDREA L. CUSTIS, VICTORIA L.**
**BOSTON, CORBY MILLER and**
**MARY FREDERICK,**

       **Defendants.**

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 21],**
**AND DENYING AS MOOT PLAINTIFF'S SUPPLEMENTAL MOTION TO REMAND**
**[DKT. NO. 27]**

## I. INTRODUCTION

The defendants, Verizon Communications, Inc., Verizon West Virginia, Inc., and Mary Frederick (collectively, "Verizon"), removed this case from the Circuit Court of Harrison County, West Virginia, on March 25, 2011, based on the ground that complete preemption of the plaintiff's claims vested this Court with federal question jurisdiction over this case. Now pending before the Court is the motion (dkt. no. 21) of the plaintiff, David Michael Brosius ("Brosius"), to remand this case to the Circuit Court of Harrison County, West Virginia. The motion is fully briefed and ripe for review. For the reasons stated on the record at a hearing held on July 15, 2011, and as discussed below, the

**BROSIUS, v. VERIZON COMMUNICATIONS, INC., ET AL.           1:11CV38**

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 21],
AND DENYING AS MOOT PLAINTIFF'S SUPPLEMENTAL MOTION TO REMAND
[DKT. NO. 27]**

Court **GRANTS** Brosius's motion to remand (dkt. no. 21), **DENIES AS MOOT** his supplemental motion to remand (dkt. no. 27), and **REMANDS** this case to the Circuit Court of Harrison County, West Virginia.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of Brosius's allegations that Verizon constructively terminated his employment because of his medical condition.  Brosius alleges that Verizon constructively discharged him based on his medical condition.  His complaint includes claims for 1) violations of the West Virginia Human Rights Act ("WVHRA"), 2) discharge in violation of West Virginia's substantial public policy, 3) intentional infliction of emotional distress, and 4) Verizon's negligent retention and supervision of persons known to commit violations of Verizon policies and West Virginia law.

The complaint includes the broad disclaimer of federal law set forth below:

> [The Circuit Court of Harrison County, West Virginia] has subject matter jurisdiction over the claims set forth in this Complaint as **the claims do not arise out of federal law**.  The **Plaintiff seeks no relief under any federal laws or regulations, asserts no federal claims, and withdraws any asserted state law claims that are preempted by federal law.  No claims** asserted herein **should be understood to require interpretation of any collective**

**BROSIUS, v. VERIZON COMMUNICATIONS, INC., ET AL.          1:11CV38**

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 21],
AND DENYING AS MOOT PLAINTIFF'S SUPPLEMENTAL MOTION TO REMAND
[DKT. NO. 27]**

> **bargaining agreement, to the extent interpretation of a collective bargaining agreement is required said claims are withdrawn.**

See Pl.'s Compl. at ¶ 9, 1:11CV38 (dkt. no. 1-1) (emphasis added).

Despite this broad disavowal of any reliance on federal law, Verizon claims that Brosius's allegations are completely preempted by the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), and the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"). More specifically, it alleges that Verizon employed Brosius as an hourly employee, that he was a member of the Communication Workers of America union, and that the terms of a collective bargaining agreement ("CBA") governed his employment.

In Verizon's view, Brosius's claims are completely preempted by the LMRA because they rely on rights created by the CBA or will necessarily require the interpretation of the CBA. Verizon also argues that ERISA completely preempts Brosius's claims because, after the termination of his employment, Brosius received an Income Security Plan benefit ("ISP benefit"), and his claims actually are that he was coerced into receiving an ERISA benefit, or that he seeks rescission of an ERISA benefit. According to Verizon, such

3

**BROSIUS, v. VERIZON COMMUNICATIONS, INC., ET AL.                  1:11CV38**

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 21],
AND DENYING AS MOOT PLAINTIFF'S SUPPLEMENTAL MOTION TO REMAND
[DKT. NO. 27]**

claims constitute "[o]ther appropriate equitable relief" under 29 U.S.C. § 1132(a)(3), and thus are completely preempted by ERISA.

### III. LEGAL STANDARDS

**A.   The Well-Pleaded Complaint Rule and the Doctrine of Complete Federal Preemption**

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331 (federal question jurisdiction), as well as over all actions in which the amount in controversy exceeds $75,000.00, where all plaintiffs are diverse from all defendants, 28 U.S.C. § 1332 (diversity of citizenship jurisdiction).  Generally, under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Furthermore, "a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. at 393 (emphasis in original). In other words, district courts have "jurisdiction to

4

**BROSIUS, v. VERIZON COMMUNICATIONS, INC., ET AL.          1:11CV38**

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 21],
AND DENYING AS MOOT PLAINTIFF'S SUPPLEMENTAL MOTION TO REMAND
[DKT. NO. 27]**

hear 'only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Interstate Petroleum Corp. v. Morgan, 249 F.3d 215, 219 (4th Cir. 2001) (quoting Franchise Tax Bd. v. Const. Laborers Vacation Trust, 463 U.S. 1, 27 (1983)).

An exception to the well-pleaded complaint rule may apply, however, under the doctrine of complete preemption. This doctrine will apply to a claim when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state commonlaw complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Caterpillar, 482 U.S. at 393 (quoting Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 65 (1987)). If the doctrine applies, a preempted state law claim will be considered, "from its inception, a federal claim, and therefore arises under federal law." Id. (citing Franchise Tax Board, 463 U.S. at 24).

**BROSIUS, v. VERIZON COMMUNICATIONS, INC., ET AL.**          1:11CV38

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 21],
AND DENYING AS MOOT PLAINTIFF'S SUPPLEMENTAL MOTION TO REMAND
[DKT. NO. 27]**

**B.   Complete Preemption Under the LMRA**

The doctrine of complete preemption often applies when a claim is preempted by § 301 of the LMRA, which, in pertinent part, provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).  A state law claim will be preempted under § 301 if resolution of the claim "requires the interpretation of a collective-bargaining agreement," Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405 (1988), or if the claim is "inextricably intertwined with consideration of the terms of the labor contract." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985).  See also Foy v. Giant Food Incorporated, 298 F.3d 284, 287 (4th Cir. 2002).

**C.   Complete Preemption Under ERISA**

Congress enacted ERISA "to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee

6

**BROSIUS, v. VERIZON COMMUNICATIONS, INC., ET AL.**  1:11CV38

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 21],
AND DENYING AS MOOT PLAINTIFF'S SUPPLEMENTAL MOTION TO REMAND
[DKT. NO. 27]**

benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004) (quoting 29 U.S.C. § 1001(b) (alterations in original)). ERISA contains provisions preempting "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy[.]" Id. (citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54-56 (1987) (alteration added)). A state law claim that falls under ERISA's civil enforcement provisions will be preempted and converted into a federal claim for "'purposes of the well-pleaded complaint rule.'" Davila, 542 U.S. at 209 (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66 (1987)).

### IV. DISCUSSION

**A. Brosius's Claims Are Not Completely Preempted**

Brosius argues that this case must be remanded because his claims all arise from his constructive discharge in violation of West Virginia law, that none of his claims depend on the interpretation of the CBA, and that none of his claims attempt to enforce any rights under § 502(a) of ERISA, 29 U.S.C. § 1132(a). While Verizon argued in its briefs that Brosius's claims are preempted because they are based on rights created by the CBA, or

7

**BROSIUS, v. VERIZON COMMUNICATIONS, INC., ET AL.          1:11CV38**

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 21],
AND DENYING AS MOOT PLAINTIFF'S SUPPLEMENTAL MOTION TO REMAND
[DKT. NO. 27]**

attempt to seek relief under ERISA, at the hearing on July 15, 2011, it acknowledged that the question of complete preemption turns primarily on whether Brosius will need to rely on the CBA to state his claims.

### 1.  The LMRA Does Not Completely Preempt Brosius's Claims

To establish that his claims are not preempted by the LMRA, Brosius relies heavily on the Supreme Court's holding in <u>Lingle</u>, 486 U.S. at 407, and the Fourth Circuit's holding in <u>Harless v. CSX Hotels, Inc.</u>, 389 F.3d 444, 447-50 (4th Cir. 2004).

In <u>Lingle</u>, the Supreme Court held that a claim for retaliatory discharge under Illinois law was not preempted by the LMRA because the elements of the claim required the plaintiff to resolve "purely factual questions pertain[ing] to the conduct of the employee and the conduct and motivation of the employer." 486 U.S. at 407. Accordingly, the Supreme Court held that resolution of the claim did not turn on the meaning of a CBA and was not completely preempted.  486 U.S. at 407.

In <u>Harless</u>, the Fourth Circuit held that a plaintiff's state law claims for 1) wrongful discharge from employment, 2) wrongful death, 3) outrageous and unconscionable conduct, and 4) intentional infliction of emotional distress were not preempted under the LMRA

8

**BROSIUS, v. VERIZON COMMUNICATIONS, INC., ET AL.             1:11CV38**

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 21],
AND DENYING AS MOOT PLAINTIFF'S SUPPLEMENTAL MOTION TO REMAND
[DKT. NO. 27]**

because the plaintiff's claims were couched "purely in terms of state anti-discrimination law," and that federal questions were merely "inject[ed]" into the case by the defendants as possible defenses. 389 F.3d at 447-50 (alteration added). In reaching this conclusion, the Fourth Circuit gave weight to the representations of plaintiff's counsel that she would rely solely on the WVHRA and the West Virginia Workers' Compensation Act, not the CBA, to establish her claims.

Verizon attempts to distinguish the holdings of Lingle and Harless on the basis that those cases involved involuntary termination, not constructive discharge as alleged in this case. Verizon also argues that, because Brosius's voluntary departure from employment is a necessary component of his constructive discharge claim, it will be necessary for the Court to consider the fact that he participated in a collectively bargained early termination program.

  **a. The LMRA Does Not Completely Preempt Brosius's Claims for Constructive Discharge in Violation of the WVHRA.**

To state a claim for violation of the WVHRA, a plaintiff must establish 1) that he was a member of a protected class, 2) that his employer made an adverse employment decision concerning him, and 3)

9

**BROSIUS, v. VERIZON COMMUNICATIONS, INC., ET AL.        1:11CV38**

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 21],
AND DENYING AS MOOT PLAINTIFF'S SUPPLEMENTAL MOTION TO REMAND
[DKT. NO. 27]**

that his employer would not have made the adverse employment decision but for the plaintiff's protected status. Dawson v. Kokosing Construction Co., Inc., No. 3:08CV287, 2009 WL 1176447, at *4 (S.D.W. Va. Apr. 29, 2009) (unpublished) (citing Syl. Pt. 3, Conaway v. Eastern Associated Coal Corporation, 358 S.E.2d 423, 425 (W. Va. 1987)). Constructive discharge qualifies as an "adverse employment decision" under the WVHRA. Id. at *5. To prove a constructive discharge in violation of West Virginia law, "a plaintiff must establish that working conditions created by or known to the employer were so intolerable that a reasonable person would be compelled to quit." Syl. Pt. 6, Slack v. Kanawha County Housing and Redevelopment Authority, 423 S.E.2d 547, 549 (W. Va. 1992). The plaintiff, however, need not prove "that the employer's actions were taken with a specific intent to cause the plaintiff to quit." Id.

Verizon's argument that Brosius's constructive discharge claim is founded on rights created by the CBA is unavailing. Although Verizon asserts that Brosius alleges his constructive termination violated Article 36A and Exhibit VII of the CBA, and that his claims depend on rights founded in the CBA, Brosius's complaint never cites to these provisions or references the CBA. On the

10

**BROSIUS, v. VERIZON COMMUNICATIONS, INC., ET AL.         1:11CV38**

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 21],
AND DENYING AS MOOT PLAINTIFF'S SUPPLEMENTAL MOTION TO REMAND
[DKT. NO. 27]**

contrary, as noted earlier, Brosius expressly disavows reliance on the CBA or on any federal law, or a federally preempted law, to state his claims. As the master of his complaint, Brosius has expressly elected to avoid relief under federal law. While his disavowal of reliance on federal law is not dispositive of the question of complete preemption, it is extremely telling that his complaint seeks no relief under the CBA, but instead relies on rights and duties imposed by West Virginia law that exist independently of the CBA.

The resolution of Brosius's claims, moreover, will not require interpretation of the CBA. As in <u>Harless</u> and <u>Lingle</u>, his claims raise "purely factual questions pertain[ing] to the conduct of the employee and the conduct and motivation of the employer." 486 U.S. at 407. While Verizon's arguments relating to the LMRA may or may not raise meritorious defenses, they are just that, defenses, and cannot serve to completely preempt Brosius's claim for constructive discharge in violation of the WVHRA.

**BROSIUS, v. VERIZON COMMUNICATIONS, INC., ET AL.        1:11CV38**

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 21],
AND DENYING AS MOOT PLAINTIFF'S SUPPLEMENTAL MOTION TO REMAND
[DKT. NO. 27]**

> b. **The LMRA Does Not Completely Preempt Brosius's Claims For Discharge In Violation of West Virginia's Substantial Public Policy, Intentional Infliction of Emotional Distress, or Negligent Retention and Supervision.**

Brosius's other claims include claims for 1) discharge in violation of West Virginia's substantial public policy, 2) intentional infliction of emotional distress, and 3) Verizon's negligent retention and supervision of certain employees. See Hatfield v. Health Management Associates of West Virginia, 672 S.E.2d 395, 398 (W. Va. 2008) (quoting Syl. Pt. 3, Travis v. Alcon Laboratories, Inc., 504 S.E.2d 419, 421 (1998)) (holding that, to state a claim for intentional or reckless infliction of emotional distress, a plaintiff must establish "(1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.'"); Harless v. First National Bank in Fairmont, 289 S.E.2d 692,

12

**BROSIUS, v. VERIZON COMMUNICATIONS, INC., ET AL.        1:11CV38**

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 21],
AND DENYING AS MOOT PLAINTIFF'S SUPPLEMENTAL MOTION TO REMAND
[DKT. NO. 27]**

702 (W. Va. 1982) (recognizing that, to state a claim for wrongful discharge in violation of West Virginia's public policy, a plaintiff must establish that he was wrongfully and deliberately discharged for exercising "some substantial public policy right."); Daniels v. Russell, Nos. 2:10CV0539, 2:10CV0540, 2:10CV0542, 2011 WL 1675020, at *7 (S.D.W. Va. May 3, 2011) (unpublished) (recognizing that, to state a claim for negligent retention and supervision under West Virginia law, a plaintiff must establish that his employer failed to prevent foreseeable injury to its employee caused by a co-worker, such as failing to conduct a reasonable investigation into a co-worker's background when the co-worker's hiring exposed employees to a risk of harm or injury from the co-worker (citation omitted)).

Like his claim for constructive discharge in violation of the WVHRA, these claims rest purely on rights created by West Virginia law and turn solely on factual questions relating to the conduct of Brosius and Verizon's motivations. See Lingle, 486 U.S. at 407; Harless, 389 F.3d at 447-50. While Verizon argues that the reference to violations of its policies within his negligent retention and hiring claim refers to the CBA, Brosius has clarified that this passing reference does not implicate the CBA and refers

13

**BROSIUS, v. VERIZON COMMUNICATIONS, INC., ET AL.         1:11CV38**

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 21],
AND DENYING AS MOOT PLAINTIFF'S SUPPLEMENTAL MOTION TO REMAND
[DKT. NO. 27]**

only to the non-collectively bargained Verizon policies governing its supervisory employees. Based on this clarification, the Court concludes that Brosius's claims for discharge in violation of West Virginia's substantial public policy, intentional infliction of emotional distress, and Verizon's negligent retention and supervision of its employees, are not completely preempted under the LMRA.

**2.    ERISA Does Not Completely Preempt Brosius's Claims**

To support its argument that Brosius's claims are preempted by ERISA, Verizon attempts to re-characterize his constructive discharge claim as one alleging he was coerced into accepting ERISA benefits, or to rescind his election to receive ERISA benefits. Verizon asserts that his claims thus constitute attempts to seek relief under the civil enforcement provisions of § 502(a)(3) of ERISA, and that these claims are completely preempted by ERISA.

The face of Brosius's complaint, however, does not refer to ERISA nor does it seek to recover or rescind an ERISA benefit. Instead, the complaint seeks relief based primarily on allegations that he was constructively discharged in violation of the WVHRA. Despite Verizon's artful attempt to re-characterize these allegations as ERISA claims, they do not relate to or seek to

**BROSIUS, v. VERIZON COMMUNICATIONS, INC., ET AL.**  1:11CV38

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 21],
AND DENYING AS MOOT PLAINTIFF'S SUPPLEMENTAL MOTION TO REMAND
[DKT. NO. 27]**

supplant the ERISA scheme. Moreover, the relief Brosius seeks is wholly unrelated to any ERISA benefits. At bottom, the ERISA issues raised by Verizon are no more than an attempt to inject a federal defense into this case. For this reason, the Court concludes that the claims in Brosius's well-pleaded complaint are not completely preempted by ERISA.

## V. CONCLUSION

Because Brosius's claims arise entirely under West Virginia law and may be pursued without referencing or consulting the CBA, his claims are not completely preempted by the LMRA or ERISA. Accordingly, Court **GRANTS** Brosius's motion to remand (dkt. no. 21), **DENIES AS MOOT** his supplemental motion to remand (dkt. no. 27), and **REMANDS** this case to the Circuit Court of Harrison County, West Virginia.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record, and to mail a copy to the Circuit Court of Harrison County, West Virginia.

DATED: July 29, 2011.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE